KIRSCH, Judge,
concurring in part and dissenting in part.
I concur with my colleagues in Parts I, II, III, IV, and VI of the majority opinion. I respectfully dissent, however, from Part V regarding the order for joint custody.
The trial court, here, was correct that the best interest of K.T. would be served by “two parents working together in a consistent and unified manner.” Appellant’s App. at 13. Indeed, a similar statement could be made in every marital dissolution case involving children. There is nothing in the record before us, however, that reveals that the trial court’s statement was supported by the evidence or was a realistic expectation. Rather, the record repeatedly demonstrates that these parents cannot currently work together in such a manner.
Putting a child in jeopardy based only on the hope that her parents can work together is not in the child’s best interest and, indeed, could lead to significant harm.
Here, the trial court: determined, and Husband agreed, that no parenting time should be currently allocated to Husband because that would “endanger” KT.’s physical health or significantly impair her emotional development; “seriously considered” ordering parents to participate in classes for “high conflict parents” and in individual and joint counseling; considered therapeutic parenting time; and appointed a Parenting Coordinator to provide support, assistance, and guidance. Given these very real and very serious concerns, it was error to order joint custody.
Moreover, following the dissolution, Husband filed a grievance with the Indiana Supreme Court Disciplinary Commission against Wife ensuring that the adversarial nature of his relationship with the Wife will be continued.
Appellate courts are reluctant to reverse a trial court’s grant of joint legal custody. We will do so, however, when “ ‘the joint custody award constitutes an imposition of an intolerable situation upon two persons who have made child rearing a battleground.’ ” Swadner v. Swadner, 897 N.E.2d 966, 974 (Ind.Ct.App.2008) (quoting Aylward v. Aylward, 592 N.E.2d 1247, 1251 (Ind.Ct.App.1992)). Nothing in the record before us and none of the trial court’s findings support the conclusion that, at the present time, these two parents can work together in a consistent and unified manner. I would reverse the trial court’s decision to grant parents joint legal custody, and I respectfully dissent from Part V of the majority opinion.